IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD B. FEINBERG            :
      Plaintiff, :
 vs.                       :  Civil Action
                               :
I. ISABELLE BENTON              :  Docket No. 05-CV-4847
 and                       :
BENTON PARTNERS II LLP          :
      Defendants. :

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

(a) Plaintiff's Summary of the Nature of the Case.

  Plaintiff Richard Feinberg ("Feinberg") alleged that defendant Benton Partners II, LLP, ("BPII"), a legal entity under the control of defendant I. Isabelle Benton ("Benton"), used "inside information" when BPII purchased 100 shares of Class A PHLX stock from Feinberg in a transaction that was concluded on December 1, 2004. The "inside information" possessed by Benton was derived from her position as a member of the PHLX Board of Governors, which position Benton had held since on, or about, March 2003 and her service on the Demutualization Advisory Group and the Executive Committee. The "inside information" possessed by Benton gave her the knowledge that Class A PHLX stock was much more valuable than the price at which it was then trading as well as the knowledge that value was to be realized in the near term.

  When BPII proceeded to purchase PHLX stock by posting indications of interest to purchase such with shareholders

1

services in the second half of November 2004, Benton was aware of her obligation as a PHLX Board member to comply with the PHLX Code of Conduct that governed PHLX stock transactions but did not do so. Instead, Benton proceeded to write her own letter stating therein that Benton believed she did not possess any "inside information," which she then carried with her until a time when Benton decided to submit it to the PHLX. Benton also advised certain persons that buying PHLX stock at that time, i.e., November 2004, would be a "good buy." Benton never disclosed to Feinberg the inside information Benton possessed before BPII concluded the purchase from Feinberg.

In sum, there were two violations under the Exchange Act committed: 1) the violation of the rule against an insider trading without disclosing "inside information", a violation of Section 10(b) and Rule 10b-5 thereunder; and 2) the violation of the PHLX requirements under its Code of Conduct as to a Board member engaging in a transaction in PHLX stock, which rule was promulgated pursuant to authority delegated to the PHLX by the SEC as a self-regulatory organization.

(b) Plaintiff's List of all Witnesses in the Plaintiff's case in chief.

    1.   I. Isabelle Benton – Ms. Benton is expected to testify, as an adverse witness, about:

her educational and work background, the PHLX and its operations, practices and business, BPII and its activities at the PHLX, BPII's purchase of plaintiff's 100 PHLX shares for $20,000 on November 30, 2004 that was concluded on December 1, 2004 as well as its other purchases of PHLX stock and the information she possessed as a member of the PHLX Board and her service on various committees and groups for PHLX.

2. Richard Feinberg – Plaintiff Feinberg is expected to testify about his financial and work background, the PHLX, his knowledge and dealings with the PHLX, his purchases and sales of PHLX stock, his understanding of the possibilities for the PHLX based upon the information Plaintiff had available at the time of the sale, his allegations, and other matters pertaining to the pleadings and discovery. See complaint, plaintiff's discovery responses, and deposition of Mr. Feinberg.

3. Meyer Frucher – Mr. Frucher is expected to testify, as an adverse witness, about his educational and work background, the PHLX and its operations, practices, business and finances, why KBW was retained to provide financial advisory services for the PHLX, what services they provided, and how that connected with decision to demutualize the PHLX, the opportunities the PHLX had at the time of demutualization and the understanding he reached with Jeffrey Yass, the head of Susquehanna, that led to bringing

various firms to sell control of the PHLX.

    4.    Robert Kreszswick – Mr. Kreszswick is expected to testify, as an adverse witness, about his educational and work background, the PHLX, its practices and procedures, Mr. Feinberg's sale of 100 shares of PHLX stock to BPII, other trades in PHLX stock, and other matters pertaining to the pleadings and discovery. AND, MOST IMPORTANTLY, other bids for PHLX stock in November and December 2004. See deposition of Mr. Kreszswick.

    5.    Robert Gerard – Mr. Gerard is expected to testify, as an adverse witness, about his educational and work background, his dealings with the PHLX, PHLX's dealings with Archipelago, that Archipelago was not in material merger negotiations with the PHLX in November 2004, and other matters pertaining to the pleadings and discovery.

    6.    Gregory Gentile - will testify to his dealings and communications with Benton at the time of the purchase from Plaintiff. See deposition of Mr. Gentile.

    7.    Stephen Cheseldine - will testify about his educational and work background, and, in particular, the PHLX options floor and his understanding of the indicators as to the future of the PHLX based upon the business climate of the PHLX options floor,

which was, at all times relevant hereto, the primary source of revenue for the PHLX and also holds its greatest value. Mr. Cheseldine will also testify to the value of PHLX technology on the options floor.

7.  Andrew Snyder - will testify about his educational and work background, and, in particular, the PHLX equity floor and his understanding of the indicators as to the future of the PHLX based upon the business climate of the PHLX equity floor, which was, at all times relevant hereto, supposedly the cause of revenue loss for the PHLX and was ultimately shut down.

7.  Arthur Aubrey - will testify about his educational and work background, and, in particular, the PHLX equity floor and the circumstances under which Ms. Benton associated with his firm.

8.  Lawrence Gage - will testify about his educational and work background, and his service on the PHLX Board of Governors including, in particular, the Board meetings at which Messrs. Frucher and Briggs discussed the value of the PHLX based upon the KBW valuations.

9.  William Briggs - will testify, as an adverse witness, about his educational and work background, and, in particular,

his work as a financial advisor or officer of the PHLX and his role in the various deals that the PHLX has negotiated.

10.  Murray Ross - will testify, as an adverse witness, about his educational and work background, and, in particular, his work as Secretary of the PHLX and the PHLX Code of Conduct.

Plaintiff reserves the right to call these and other witnesses in rebuttal.

(C)  List of Plaintiff's Exhibits: In addition to the right to use any or all exhibits listed by the defendants:

Exhibit # 1:   Phila Stock Exchange Special Committee Strategic Alliances 4/18/05 7 pages - re extensive negotiations began on Arca late November 2004

Exhibit# 2:    Memorandum # 1719-04; August 31, 2004; SUBJECT: SOLICITATION OF EQUITY ISSUES CURRENTLY BEING TRADED BY BENTON PARTNERS II, L.P.

Exhibit # 3:   Memorandum # 1858-04; September 28, 2004; SUBJECT: SOLICITATION OF EQUITY ISSUES CURRENTLY BEING TRADED BY BENTON PARTNERS II, L.P.

Exhibit # 4:   OCTOBER 5, 2004 Bulletin - TERMINATING PERMIT HOLDERS Effective on or after October 12, 2004 Benton Partners II, L.P. I. Isabelle Benton

Exhibit # 5:   OCTOBER 12, 2004 Bulletin - TERMINATED PERMIT HOLDERS Effective October 12, 2004 Benton Partners II, L.P. I. Isabelle Benton

Exhibit # 6:   Phlx Memo No. 0809-05; April 26, 2005; The Board of Governors deliberated regarding a report from the Special Committee on Strategic Alliances; awarded stock & renewed contracts

Exhibit # 7:   Phlx Memo No. 0891-04; April 26, 2004; RE: Board of Governors Meeting of April 21, 2004; Committee listings; revised Code of Conduct; Phila XL already operating

Exhibit # 8:   Phlx Memo No. 1562-05; August 03, 2005; Executive Committee Meeting; Special Committee on Phlx Share Transactions

Exhibit # 9:   Phlx Memo No. 1616; August 16, 2005; letter informing PHLX members and seat owners of deals with 6 firms giving 89.4% interest in the PHLX

Exhibit # 10:  Phlx Memo No. 1833-04; September 23, 2004; RE: Board of Governors Meeting of September 22, 2004; Authorized and approved the delegation of authority to the Executive Committee to enter into and execute definitive agreements respecting certain possible strategic initiatives, as well as authority to file amended rules respecting the same with the Securities and Exchange Commission

Exhibit # 11:  Phlx Memo No. 1889-03; December 11, 2003; RE: Board of Governors Meeting of December 10, 2003; Post demutualization matters including ending loans that are really additional compensation

Exhibit # 12:  Deals with Merrill Lynch and Citadel announced June 16, 2005

Exhibit # 13:  Phlx News Release; January 21, 2004; Trumpeting Demutualization

Exhibit # 14:  KBW Advisory letter for Demutualization Informational Memorandum dated October 1, 2003;

Exhibit # 15:  Interactive Brokers letter bid to buy equity interest in the PHLX

Exhibit # 16:  Phlx Memo No. 0779-05; April 21, 2005; RE: Board of Governors Meeting of April 20, 2005 rejecting Archipelago deal

Exhibit # 17:  Strategic Alliance Committee meeting & resolution May 3, 2005 to proceed on deals with Citadel and Merrill Lynch and to prepare a stock buy back plan for the PHLX

Exhibit # 18:  Strategic Alliance Committee approved deals with Citadel and Merrill Lynch June 14, 2005 after considering valuations prepared by KBW

Exhibit # 19:  Strategic Alliance Committee approved 2nd round of

strategic investments after considering valuations prepared by KBW

Exhibit # 20:  Buy Back plan presented August 5, 2005 in connection with 2nd round of strategic investments after considering valuations prepared by KBW

Exhibit # 21:  Valuations prepared by KBW for 2nd round of strategic investments August 5, 2005

Exhibit # 22:  PHLX Demutualization Informational Memorandum dated Oct 22, 2003

Exhibit # 23:  Deposition of Frucher taken in PennMont v Wallace, et al [This is subject to a confidentiality order & referred to in section dealing with legal issues]

Plaintiff reserves the right to use exhibits not on this list in cross and rebuttal.

(d) Plaintiff's itemized statement of damages or other relief sought.

     Plaintiff seeks to have the transaction rescinded or, if such cannot be done, then rescissory damages which should be calculated as the value of the stock if it were in Plaintiff's possession as of the date of judgment with Plaintiff having an entitlement to participate in whatever award is given to Class A PHLX shareholders from the Ginsburg case that was filed in the Delaware Chancery Court.

(e) A statement of any anticipated legal issues on which the court will be required to rule, together with counsel's single

best authority (case citation, Rule of Civil Procedure, Rule of Evidence, statute, etc.)

Judicial estoppel - *State of New Hampshire V. State of Maine*, 532 U.S. 742 (2001) as applied to the representations made by Benton's other attorneys in various cases concerning, among other things, which matters are related.

Confidentiality - a deposition was taken of Meyer Frucher in PennMont v Wallace, et al., plaintiff claims the right to make use of that deposition in the event Mr. Frucher is unable to be brought before this Court.

Relevance issues: see above as to issues concerning relatedness and relevance of the various transactions in which the PHLX engaged as to the matter at hand. This is an evidentiary issue.

(e) Stipulations and Admissions to Be Read into Evidence

None, as this will not be a jury trial

Dated: March 2, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2008 I served the **PLAINTIFF'S PRE-TRIAL MEMORANDUM** without the exhibits thereto upon counsel for defendants and all other interested persons by way of ECF and such documents are available for viewing and downloading from the ECF system. I also directed a separate e-mail to counsel for defendants with the exhibits attached thereto excepting the PHLX Demutualization Informational Memorandum.

                                        Respectfully submitted,

                                            /s/
                                        Steven B. Mirow
                                        249 South 12th Street
                                        Philadelphia, PA 19107
                                        Tel. 215 923 1301